UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2023 MAR 28 PM 12:16
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

1:23CV00334 LY

| | | |
|---|---|---|
| UCHECHI AMUNEKE-NZE, <br>     Pro Se Plaintiff, <br> v. <br><br> GREGORY RAVE ; KELLIE JURICEK; and RUBEN MORIN as individuals <br>     Defendants. | § § § § § § § § § § | NO: <br><br> (Jury Demanded) |

## ORIGINAL COMPLAINT

Plaintiff, Uchechi Amuneke-Nze states as follows:

### I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331(federal question), First Amendment to the U.S. Constitution, Conspiracy to Interfere with Civil Rights 42 U.S.C. § 1985.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)&(d), because all parties are Texas residents and Defendant GREGORY RAVE has an established place of business with sufficient contacts in the Western District of Texas.

1

## II. PARTIES

3. Plaintiff UCHECHI AMUNEKE- NZE (Esther) is a natural person and resident of the State of Texas.

4. Defendant GREGORY RAVE is a natural person and resident of the State of Texas. Defendant may be served with process at 9020 North Capital of Texas Highway Building I, Suite 170 Austin, TX 78759.

5. Defendant KELLIE JURICEK is a natural person and resident of the State of Texas. Defendant may be served with process at 600 Commerce Street, Suite 103, Dallas, TX 75202.

6. Defendant RUBEN MORIN is a natural person and resident of the State of Texas. Defendant may be served with process at 600 Commerce Street, Suite 200 Dallas, Texas 75202.

## III. FACTS

7. The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

8. On February 21,2020 Esther filed a notice to appeal in the trial court. She was appealing the trial courts order's, which granted two 91a motions to dismiss.

9. But before Esther had a chance to even begin her appeal in the 5th Court of Appeals in Dallas, Defendants Rave, Jericek, and Rubin fraudulently submitted, forged and filed appeals paperwork-- using Esther's identity and personal information.

2

10. Additionally, Defendant Rubin sent emails allegedly "from the court", that falsely claimed the court of appeals did not have jurisdiction over motions to dismiss that were granted by the trial court. He also told Esther, that there was no need to file a reporter's record.

11. Their scheme was so well planned, a mere **17 days** after Defendants started the fake appeal---it was set to be dismissed by the 5th Court of Appeals on March 13, 2023.

12. All of this happened to Esther who couldn't afford the mandatory $205 filing fee in the Court of Appeals and who had not filed an affidavit of inability to afford court costs in the 5th Court of Appeals.

13. Esther was too scared to file any paperwork in the 5th CoA, because she didn't want her submissions to be doctored used in some criminal way. Overwhelmed and out of options,Esther was forced to give up pursuing an appeal---even though it was clear that the facts were on her side.

14. Defendants' actions have left Esther in a hopeless downward spiral---she has had nightmares and panic attacks imagining how many innocent lives these people have destroyed by abusing the court system in this way.

## IV.    CAUSES OF ACTION

15. The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

### *Conspiracy Against 1st Amendment Right to Petition*

16. Defendants Rubin, Rave, Juricek worked together to prevent Esther from petitioning the 5th Court of Appeals for help. Defendants were successful in their scheme.

## V. DAMAGES

33. As a direct and proximate result of Defendant's acts and omissions, Plaintiffs seek all damages against Defendants to which she is entitled. Plaintiff's damages are increasing and not fully known at this time but greatly exceed $750,000. Plaintiff's damages include, but are not limited to:

   a. Plaintiff's past and future medical expenses;
   b. Plaintiff's past and future lost wages;
   c. Plaintiff's past and future pain and suffering;
   d. Plainitiff's past and future mental anguish;
   e. Plaintiff's disfigurement;
   f. Damage to Plaintiff's credit; and
   g. Exemplary damages.

## VI. JURY DEMAND

34. Plaintiff hereby demands a trial by jury.

## **PRAYER**

Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing of this cause, Plaintiff have judgment against Defendant granting the following relief:

a. Recovery of a reasonable monetary award or awards as compensatory damages, in amounts and to the extent to be proven at trial;

b. Exemplary damages in an amount sufficient to deter future wrongful conduct of this nature;

c. Prejudgment and post-judgment interest thereon at the maximum rate and earliest date allowed by law;

d. Plaintiff's costs in the action; and

e. Such other and further relief to which she may be justly entitled.

Respectfully submitted,

/s/ Uchechi Amuneke- Nze

Uchechi Amuneke Nze
Pro Se Plaintiff
Mansfield Texas
ucheamuneke@gmail.com
Phone: (682)238-6758