# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UCHECHI AMUNEKE-NZE a/k/a ESTHER,<br>*Plaintiff*<br><br>v.<br><br>GREGORY RAVE, KELLIE JURICEK, and RUBEN MORIN,<br>*Defendants* | § § § § § § § § § § | Case No. 1:23-CV-00334-LY-SH |

## ORDER

Before the Court are Plaintiff's Original Complaint (Dkt. 1), Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), and Application for Permission to File Electronically (Dkt. 3), all filed March 28, 2023. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 4.

### I.  *In Forma Pauperis* Status

After reviewing Plaintiff's Financial Affidavit, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or it is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted

leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Standard of Review

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's *pro se* status does not offer her an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. Analysis

Plaintiff alleges that Defendants violated her First Amendment rights to petition the government for redress of grievances. Dkt. 1 (Original Complaint) ¶ 16. She appears to allege a denial of the right of access to the courts. *Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983) (recognizing the right to access outside the prison context); *but see Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994) (limiting the right of access to "right to file an action"). The First Amendment's prohibitions apply only to those acting under color of state law. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996).

Plaintiff's Civil Cover Sheet indicates that she also brings a claim under 42 U.S.C. § 1985. Dkt. 1-1. It appears that Plaintiff is bringing a claim under § 1985(2), which addresses conspiracies to obstruct justice in judicial matters. *Id.* The first portion of § 1985(2) applies to federal judicial proceedings, while the second part applies to state court proceedings. *Kush v. Rutledge*, 460 U.S. 719, 725-26 (1983). The second part describes conspiracies designed to interfere with "the equal protection of the laws" and thus requires some racial or otherwise class-based discriminatory animus behind the conspirators' actions. 42 U.S.C. § 1985(2); *Daigle v. Gulf State Utilities Co., Loc. Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986). Plaintiffs asserting conspiracy claims under civil rights statutes must plead the operative facts on which their claim is based. "Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).

Plaintiff alleges that, after she filed an appeal of a Texas trial court order, Defendants conspired to prevent her from petitioning the Texas Fifth Court of Appeals by submitting fraudulent paperwork and sending her emails allegedly from the court. Dkt. 1 ¶ 9. The Complaint includes no allegations as to the Defendants' identities or reason for allegedly obstructing Plaintiff's access to the courts. The Complaint also lacks operative facts regarding existence of an illegal agreement.

For these reasons, the Court **ORDERS** Plaintiff to file a More Definite Statement by **May 19, 2023**, providing the following information:

1. What was the venue and docket number for the trial court proceedings? Describe the nature of the case and whether it is still pending.

2. Who are the named Defendants? Are they state or local government actors? What role did they have in the Texas state court proceedings?

3. Why did Defendants allegedly prevent you from petitioning the Texas Fifth Court of Appeals?

4. Are you alleging that you are a member of a protected class? If so, which one?

5. How and when did the Defendants form their alleged agreement?

If Plaintiff does not respond fully by the deadline, the Court will recommend that her case be dismissed for failure to prosecute.

### III.   Application for Permission to File Electronically

Plaintiff also asks the Court to approve her request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 3) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If she has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

**SIGNED** on May 1, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE